UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GARY STARR                                    CIVIL ACTION NO. 12-cv-2480

VERSUS                                        JUDGE WALTER

WAYNE THOMAS, ET AL                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Gary Starr ("Plaintiff") filed suit against four named defendants and an unknown insurer. He filed the case in federal court based on an assertion of diversity jurisdiction, which means he has the burden of setting forth facts that permit the exercise of that jurisdiction. His complaint is not adequate to satisfy his burden. Plaintiff will be allowed until **January 31, 2013** to file an amended complaint, seeking leave of court if then required by Fed. R. Civ. Pro. 15, to provide the facts necessary to determine whether there is diversity of citizenship.

Plaintiff does not give any indication in his complaint the state in which he is a citizen. His civil cover sheet states that he has an address in Texas. An individual defendant, John Pailette, Jr., is described as a resident of Louisiana. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). Plaintiff will need to allege with

specificity the states in which he and Mr. Pailette are domiciled and, therefore, citizens for diversity purposes.

Another defendant is Wayne Thomas d/b/a Thomas Trucking, which Plaintiff describes as an unregistered company. If the business is in fact a sole proprietorship, then the domicile/citizenship of Mr. Thomas must be alleged to determine diversity.

Foster Farms, LLC is described as a foreign company licensed to do business in this state. That is not adequate to determine its citizenship. The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009).

Foster Poultry Farms, a California Corporation, is described as a foreign company with its principal business establishment in Louisiana located in Union Parish. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are

inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). A corporation's principal place of business is where its high-level officers direct, control, and coordinate the corporation's activities. This place is sometimes described as the "nerve center" of the corporation. Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

Plaintiff may not be able to gather all of the necessary information from publicly available records, especially the membership of the LLC. Most defendants in similar cases have cooperated and voluntarily provided the necessary citizenship information so that this preliminary issue may be resolved without undue expense or delay. Defendants in this case are encouraged to provide such cooperation, but if they do not do so Plaintiff may seek leave of court to conduct limited discovery on the issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of December, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE